IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| NEWRON PHARMACEUTICALS S.p.A.,<br>ZAMBON S.p.A.,<br>MDD US OPERATIONS, LLC,<br><br>          Plaintiffs,<br><br>   v.<br><br>AUROBINDO PHARMA LIMITED,<br>AUROBINDO PHARMA USA INC.,<br>MSN LABORATORIES PRIVATE<br>LIMITED,<br>PRINSTON PHARMACEUTICAL, INC.,<br>RK PHARMA INC.,<br>ZENARA PHARMA PRIVATE LIMITED,<br>          Defendants. | C.A. No.  1:21-cv-00843-RGA |

**JOINT CLAIM CONSTRUCTION CHART**

Pursuant to Paragraph 7 of the Scheduling Order (D.I. 47) and the Court's Order amending the Scheduling Order (D.I. 112), Plaintiffs Newron Pharmaceuticals S.p.A., Zambon S.p.A., and MDD US Operations, LLC (collectively "Plaintiffs") and Defendants Aurobindo Pharma Limited, Aurobindo Pharma USA Inc., MSN Laboratories Private Limited, RK Pharma Inc., Prinston Pharmaceutical, Inc., and Zenara Pharma Private Limited (collectively, "Defendants") hereby submit this Joint Claim Construction Chart identifying for the Court the claim terms of U.S. Patent No. 8,076,515 ("the '515 patent"), U.S. Patent No. 8,278,485 ("the '485 patent"), and U.S. Patent No. 8,283,380 ("the '380 patent") for which the parties have a dispute, together with the parties' proposed constructions of the disputed claim language and citations to the supporting intrinsic evidence.

The parties reserve the right to rely upon extrinsic evidence and expert testimony in support of their constructions.  This litigation is in its early stages, and discovery is ongoing. Accordingly, in the event one or more of the parties later identifies terms that it believes require

claim construction, each party reserves the right to seek construction of such term and to

supplement the intrinsic and extrinsic records.

## I.      Disputed Claim Constructions

| Term | Plaintiffs' Proposed Construction | Plaintiffs' Intrinsic Evidence | Defendants' Proposed Construction | Defendants' Intrinsic Evidence |
|---|---|---|---|---|
| "stable dose of levodopa"<br><br>('380 patent, claims 1-2) | "a dose of levodopa that is neither increased nor decreased" | '380 patent at Abstract, 1:14-54, 2:52-3:9, 3:36-46, 4:18-27, 5:53-67, 9:1-15, 9:54-60, 10:7-20, 11:9-65, 12:26-38, 13:1-55, 14:27-58, 15:26-27, 20:24-26:17.<br><br>'380 File History:  Non-Final Rejection 12/24/2008 (SAFNWRN0001462-1477); Amendment and Request for Reconsideration 06/24/2009 (SAFNWRN0001516-1530); First Olanow Declaration 06/24/2009 (SAFNWRN0001536-1556); Final Rejection 09/17/2009 (SAFNWRN0002818-2826); Request for Continued Examination 11/13/2009 (SAFNWRN0002901-2909); Second Olanow declaration 11/13/2009 (SAFNWRN0002910-2921); Non-Final Rejection 03/16/2010 (SAFNWRN0003434-3443); Amendment and Response | Not amenable to construction; indefinite | The entire intrinsic evidence is relevant to Defendants' proposal of this term being "not amenable to construction/indefinite."  The intrinsic evidence, viewed as a whole, would not enable one to ascertain the metes and bounds of the claims that recite or incorporate these terms, due to insoluble ambiguity of these terms, among others.<br><br>**'380 patent:**<br><br>Claims;<br><br>Specification:<br><br>Defendants identify the following portions as potentially relevant to the understanding of the identified terms, but adding |

| | | | | |
|---|---|---|---|---|
| | | 6/15/2010 (SAFNWRN0003459-3502); Final Rejection 10/8/2010 (SAFNWRN0003415-3523); Summary of Interview 12/15/2010 (SAFNWRN0003528-3550); RCE and Amendment 2/7/2011 (SAFNWRN0003555-3566); Third Olanow Declaration 2/7/2011 (SAFNWRN0003567-3784); Supplemental Amendment 7/2/2012 (SAFNWRN0003996-4000); Notice of Allowance 07/16/2012 (SAFNWRN0004010-4017).<br><br>Portions of the intrinsic record identified by Defendants. | | insoluble ambiguity to the meaning of the terms.<br><br>Regarding the "stable dose of levodopa" part of the terms, no part of the specification defines or otherwise clarifies the meaning and scope of "stable dose of levodopa."<br><br>FH:<br><br>Provisional Application No. 60/462,205, filed on Apr. 11, 2003;<br><br>2010-06-15 Amendment and Applicant Arguments/Remarks, including Exhibits thereto;<br><br>2010-12-15 Applicant Summary of Interview with Examiner;<br><br>2011-02-04 Third Declaration of C. Warren Olanow Under 37 C.F.R. § 1.132 including all Exhibits |

| | | | | |
|---|---|---|---|---|
| | | | | thereto (filed with the RCE on 2011-02-07);<br><br>2011-02-07 Request for Continued Examination (RCE), with all accompanying filings;<br><br>2012-07-02 Amendment and Applicant Arguments/Remarks, including all references discussed therein;<br><br>2012-07-16 Notice of Allowance. |
| "maintaining"<br><br>('380 patent, claim 1) | Plain and ordinary meaning, which is "keeping the same" or "continuing" | '380 patent at Abstract, 1:14-54, 2:52-3:9, 3:36-46, 4:18-27, 5:53-67, 9:1-15, 9:54-60, 10:7-20, 10:47-50, 11:9-65, 12:26-38, 13:1-55, 14:27-58, 15:26-27, 17:35-40, 18:18-25, 20:25-26:17.<br><br>U.S. Patent No. 4,970,200 at Table 2.<br><br>'380 File History:  Non-Final Rejection 12/24/2008 (SAFNWRN0001462-1477); | Not amenable to construction; indefinite | The entire intrinsic evidence is relevant to Defendants' proposal of this term being "not amenable to construction/indefinite."  The intrinsic evidence, viewed as a whole, would not enable one to ascertain the metes and bounds of the claims that recite or incorporate this term, due to insoluble ambiguity of this term, |

| | | Amendment and Request for Reconsideration 06/24/2009 (SAFNWRN0001516-1530); First Olanow Declaration 06/24/2009 (SAFNWRN0001536-1556); Final Rejection 09/17/2009 (SAFNWRN0002818-2826); Request for Continued Examination 11/13/2009 (SAFNWRN0002901-2909); Second Olanow declaration 11/13/2009 (SAFNWRN0002910-2921); Non-Final Rejection 03/16/2010 (SAFNWRN0003434-3443); Amendment and Response 6/15/2010 (SAFNWRN0003459-3502); Final Rejection 10/8/2010 (SAFNWRN0003415-3523); Summary of Interview 12/15/2010 (SAFNWRN0003528-3550); RCE and Amendment 2/7/2011 (SAFNWRN0003555-3566); Third Olanow Declaration 2/7/2011 (SAFNWRN0003567-3784); Supplemental Amendment 7/2/2012 | | among others.

**'380 patent:**

Claims;

<u>Specification:</u>

No part of the specification defines or otherwise clarifies the meaning and scope of "maintaining."

<u>FH:</u>

Provisional Application No. 60/462,205, filed on Apr. 11, 2003;

2010-06-15 Amendment and Applicant Arguments/Remarks, including Exhibits thereto;

2010-12-15 Applicant Summary of Interview with Examiner;

2011-02-04 Third |

| | | (SAFNWRN0003996-4000); Notice of Allowance 07/16/2012 (SAFNWRN0004010-4017).<br><br>Portions of the intrinsic record identified by Defendants. | | Declaration of C. Warren Olanow Under 37 C.F.R. § 1.132 including all Exhibits thereto (filed with the RCE on 2011-02-07);<br><br>2011-02-07 Request for Continued Examination (RCE), with all accompanying filings;<br><br>2012-07-02 Amendment and Applicant Arguments/Remarks, including all references discussed therein;<br><br>2012-07-16 Notice of Allowance. |
|---|---|---|---|---|
| "a therapeutically effective stable dose of levodopa"<br><br>('380 patent, claim 2) | "a dose of levodopa sufficient to treat idiopathic Parkinson's disease that is neither increased nor decreased" | '380 patent at Abstract, 1:14-54, 2:52-3:9, 3:36-46, 4:18-27, 5:5-67, 9:1-15, 9:54-60, 10:7-20, 11:9-65, 12:26-38, 13:1-55, 13:61-14:5, 14:27-58, 15:26-27, 20:24-26:17.<br><br>'380 File History:  Non-Final Rejection 12/24/2008 (SAFNWRN0001462-1477); | Not amenable to construction; indefinite | The entire intrinsic evidence is relevant to Defendants' proposal of this term being "not amenable to construction/indefinite."  The intrinsic evidence, viewed as a whole, would not enable one to ascertain the metes and bounds of the claims that |

| | | Amendment and Request for Reconsideration 06/24/2009 (SAFNWRN0001516-1530); First Olanow Declaration 06/24/2009 (SAFNWRN0001536-1556); Final Rejection 09/17/2009 (SAFNWRN0002818-2826); Request for Continued Examination 11/13/2009 (SAFNWRN0002901-2909); Second Olanow declaration 11/13/2009 (SAFNWRN0002910-2921); Non-Final Rejection 03/16/2010 (SAFNWRN0003434-3443); Amendment and Response 6/15/2010 (SAFNWRN0003459-3502); Final Rejection 10/8/2010 (SAFNWRN0003415-3523); Summary of Interview 12/15/2010 (SAFNWRN0003528-3550); RCE and Amendment 2/7/2011 (SAFNWRN0003555-3566); Third Olanow Declaration 2/7/2011 (SAFNWRN0003567-3784); Supplemental Amendment 7/2/2012 | | recite or incorporate these terms, due to insoluble ambiguity of these terms, among others.<br><br>**'380 patent:**<br><br>Claims;<br><br><u>Specification:</u><br><br>Defendants identify the following portions as potentially relevant to the understanding of the identified terms, but adding insoluble ambiguity to the meaning of the terms.<br><br>Regarding the "therapeutically effective" part of the term in claim 2, the entire specification, except for 6:52-8:40 (description of "safinamide derivatives") and 15:28-19:11 (preparation of pharmaceutical or pharmacological |

| | | (SAFNWRN0003996-4000); Notice of Allowance 07/16/2012 (SAFNWRN0004010-4017). Portions of the intrinsic record identified by Defendants. | | compositions), is highly relevant to understand the indefiniteness of this term. FH: Provisional Application No. 60/462,205, filed on Apr. 11, 2003; 2010-06-15 Amendment and Applicant Arguments/Remarks, including Exhibits thereto; 2010-12-15 Applicant Summary of Interview with Examiner; 2011-02-04 Third Declaration of C. Warren Olanow Under 37 C.F.R. § 1.132 including all Exhibits thereto (filed with the RCE on 2011-02-07); 2011-02-07 Request for Continued Examination |

| | | | | |
|---|---|---|---|---|
| | | | | (RCE), with all accompanying filings;<br><br>2012-07-02 Amendment and Applicant Arguments/Remarks, including all references discussed therein;<br><br>2012-07-16 Notice of Allowance. |
| "high purity safinamide or ralfinamide or a pharmaceutically acceptable acid salt thereof"/"high purity safinamide or ralfinamide salt with a pharmaceutically acceptable acid"/"high purity safinamide or a pharmaceutically acceptable acid salt thereof"<br><br>('515 patent, claims 32-35, 40-44; '485 patent, claim 37) | "safinamide or ralfinamide or a pharmaceutically acceptable acid salt thereof that has lower than 0.03% (by weight) of impurity IIa or impurity IIb or their pharmaceutically acceptable acid salts" | '515 patent at Abstract, 1:18-23, 1:60-2:26, 2:47-51, 4:10-5:23, 6:32-8:38, 8:50-9:16, 10:48-10:58, 14:57-67, 16:42-24:67, 30:21-27; 31:1-33:7, 35:33-38:53, 42:28-48:59.<br><br>'485 patent at 44:29-52:60.<br><br>Portions of the '485 patent corresponding to those of the '515 patent specification cited above.<br><br>Portions of the intrinsic record identified by Defendants. | Not amenable to construction; indefinite | The entire intrinsic evidence is relevant to Defendants' proposal of this term being "not amenable to construction/indefinite." The intrinsic evidence, viewed as a whole, would not enable one to ascertain the metes and bounds of the claims that recite or incorporate this term, due to insoluble ambiguity of this term, among others.<br><br>**'515 patent:** |

| | | | | Claims; |
| --- | --- | --- | --- | --- |
| | | | | Specification: |
| | | | | Defendants identify the following portions as potentially relevant to the understanding of the identified terms, but adding insoluble ambiguity to the meaning of the terms. |
| | | | | 1:17-25; 2:47-51; 4:30-39; 5:16-6:67; 7:4-22; 7:48-65; 8:3-7; 9:4-11; 10:27-58; 14:47-53; 16:25-35; cols. 16-42 (all Examples) |
| | | | | **'485 patent:** |
| | | | | Claims; |
| | | | | Portions of the '485 patent specification that corresponds with those of the '515 patent specification cited above. |

| "an effective amount"<br><br>('515 patent, claims 40-44) | "an amount sufficient to treat the selected CNS disorder" | '515 patent at 1:29-36, 6:3-46, 8:8-21, 8:50-67, 42:28-48:59.<br><br>WO 90/14334 at 1:21-25, 20:1-22, 24:1-8, 25:6-10, 25:14-17.<br><br>WO 04/062655 at 4, 8, 11-16, 19-20.<br><br>WO 04/089353 at 3:1-18, 19:4-9, 19:24-31, 20:7-12, 29:5-36:19.<br><br>WO 05/102300 at 9:19-10:3, 14:12-28, 15:5-18:10, Figs. 1-6.<br><br>Portions of the intrinsic record identified by Defendants. | Not amenable to construction; indefinite | The entire intrinsic evidence is relevant to Defendants' proposal of this term being "not amenable to construction/indefinite."  The intrinsic evidence, viewed as a whole, would not enable one to ascertain the metes and bounds of the claims that recite or incorporate this term, due to insoluble ambiguity of this term, among others.<br><br>**'515 patent:**<br><br>Claims;<br><br><u>Specification:</u><br><br>No part of the specification defines or otherwise clarifies the meaning and scope of "an effective amount." |
| "classified as"<br><br>('515 patent, claim 44) | plain and ordinary meaning | '515 patent at 2:47-3:44, 4:6-50, 5:16-62, 40:4-28, 42:28-48:59. | Not amenable to construction; indefinite | The entire intrinsic evidence is relevant to Defendants' proposal of this term being "not amenable to construction/indefinite."  The |

| | | Portions of the intrinsic record identified by Defendants. | | intrinsic evidence, viewed as a whole, would not enable one to ascertain the metes and bounds of the claims that recite or incorporate this term, due to insoluble ambiguity of this term, among others.<br><br>**515 patent:**<br><br>Claims;<br><br>Specification:<br><br>Defendants identify the following portions as potentially relevant to the understanding of the identified terms, but adding insoluble ambiguity to the meaning of the terms.<br><br>Cols. 5-6. |
|---|---|---|---|---|
| "are known to interact with"<br><br>('515 patent, claim 44) | plain and ordinary meaning | '515 patent at 2:47-3:44, 4:6-50, 5:16-62, 40:4-28, 42:28-48:59. | Not amenable to construction; indefinite | The entire intrinsic evidence is relevant to Defendants' proposal of this term being "not amenable to |

| | | | | |
|---|---|---|---|---|
| | | Portions of the intrinsic record identified by Defendants. | | construction/indefinite." The intrinsic evidence, viewed as a whole, would not enable one to ascertain the metes and bounds of the claims that recite or incorporate this term, due to insoluble ambiguity of this term, among others.<br><br>**515 patent:**<br><br>Claims;<br><br><u>Specification:</u><br><br>Defendants identify the following portions as potentially relevant to the understanding of the identified terms, but adding insoluble ambiguity to the meaning of the terms.<br><br>Cols. 5-6. |
| "are known to have HERG channel blocking properties" | plain and ordinary meaning | '515 patent at 2:47-57, 3:45-4:29, 5:16-23, 5:54-62, 40:57-41:19, 42:28-48:59. | Not amenable to construction; indefinite | The entire intrinsic evidence is relevant to Defendants' proposal of this term being |

| | | | | |
|---|---|---|---|---|
| ('515 patent, claim 44) | | Portions of the intrinsic record identified by Defendants. | | "not amenable to construction/indefinite." The intrinsic evidence, viewed as a whole, would not enable one to ascertain the metes and bounds of the claims that recite or incorporate this term, due to insoluble ambiguity of this term, among others.<br><br>**515 patent:**<br><br>Claims;<br><br>Specification:<br><br>Defendants identify the following portions as potentially relevant to the understanding of the identified terms, but adding insoluble ambiguity to the meaning of the terms.<br><br>Cols. 5-6. |

Dated:  May 13, 2022

FISH & RICHARDSON P.C.

By:  */s/ Nitika Gupta Fiorella*
    Gregory R. Booker (#4784)
    Nitika Gupta Fiorella (#5898)
    FISH & RICHARDSON P.C.
    222 Delaware Avenue, 17th Floor
    Wilmington, DE 19801
    (302) 652-5070
    booker@fr.com; fiorella@fr.com

    Elizabeth M. Flanagan (#5891)
    Sarah E. Jack
    FISH & RICHARDSON P.C.
    60 South 6th Street, Suite 3200
    Minneapolis, MN 55402
    (612) 335-5070
    betsy.flanagan@fr.com; jack@fr.com

*Attorneys for Plaintiffs*
*Newron Pharmaceuticals S.p.A., Zambon*
*S.p.A., and MDD US Operations, LLC*

FISHERBROYLES, LLP

By:  */s/ Carl D. Neff*
    Carl D. Neff (#4895)
    FISHERBROYLES, LLP
    Brandywine Plaza West
    1521 Concord Pike, Suite 301
    Wilmington, DE 19803
    (302) 482-4244
    Carl.neff@fisherbroyles.com

    Gurpreet Singh Walia, M.D., Esq.
    Gongjun ("Gary") Ji
    FISHERBROYLES, LLP
    445 Park Avenue, Ninth Floor
    New York, NY 10022
    Gurpreet.Walia@fisherbroyles.com;
    Gary.ji@fisherbroyles.com

CONNOLLY GALLAGHER LLP

By:  */s/ Arthur G. Connolly, III*
    Arthur G. (Chip) Connolly, III (#2667)
    CONNOLLY GALLAGHER LLP
    1201 Market Street, 20th Floor
    Wilmington, DE 19801
    (302) 888-6318
    aconnolly@connollygallagher.com

    Steven J. Moore
    James E. Nealon
    Thomas Wiig
    Joyce Davis
    WITHERS BERGMAN LLP
    1700 East Putnam Avenue, Suite 400
    Greenwich, CT 06870-1366
    (203) 302-4069
    Steven.moore@withersworldwide.com;
    James.nealon@withersworldwide.com;
    Thomas.wiig@withersworldwide.com;
    Joyce.davis@withersworldwide.com

*Attorneys for Defendants*
*Aurobindo Pharma Limited, Aurobindo*
*Pharma USA Inc.*

MORRIS JAMES LLP

By:  */s/ Cortlan S. Hitch*
    Kenneth L. Dorsney (#3726)
    Cortlan S. Hitch (#6720)
    MORRIS JAMES LLP
    500 Delaware Avenue, Suite 1500
    Wilmington, DE 19801
    (302) 888-6800
    kdorsney@morrisjames.com;
    chitch@morrisjames.com

    Timothy H. Kratz
    George J. Barry III
    KRATZ & BARRY LLP
    1050 Crown Pointe Pkwy, Ste 500
    Atlanta, GA 30338
    (404) 341-6600

*Attorneys for Defendant*
*MSN Laboratories Private Limited*

tkratz@kratzandbarry.com;
gbarry@kratzandbarry.com

*Attorneys for Defendant*
*RK Pharma Inc.*

STAMOULIS & WEINBLATT LLC

GREENBERG TRAURIG, LLP

By: */s/ Richard C. Weinblatt*

    Stamatios Stamoulis (#4606)
    Richard C. Weinblatt (#5080)
    STAMOULIS & WEINBLATT LLC
    800 N. West Street, Third Floor
    Wilmington, DE 19801
    (302) 999-1540
    stamoulis@swdelaw.com
    weinblatt@swdelaw.com

    Shashank Upadhye
    Brent Batzer
    Yixin Tang
    UPADHYE TANG LLP
    109 Symonds Drive, #174
    Hinsdale, IL 60522-0174
    shashank@ipfdalaw.com;
    brent@ipfdalaw.com;
    yixin@ipfdalaw.com

*Attorneys for Defendant*
*Prinston Pharmaceutical, Inc.*

By: */s/ Benjamin J. Schladweiler*

    Benjamin J. Schladweiler (#4601)
    GREENBERG TRAURIG, LLP
    The Nemours Building
    1007 North Orange Street, Suite 1200
    Wilmington, DE 19801
    (302) 661-7000
    schladweilerb@gtlaw.com

    Dmitry V. Shelhoff, Ph.D.
    Edward D. Pergament
    Kenneth S. Canfield
    Julia S. Kim
    PERGAMENT & CEPEDA LLP
    25A Hanover Road, Suite 104
    Florham Park, NJ 07932
    (973) 998-7722
    dshelhoff@pergamentcepeda.com
    epergament@pergamentcepeda.com
    kcanfield@pergamentcepeda.com
    jkim@pergamentcepeda.com

*Attorneys for Defendant*
*Zenara Pharma Private Limited*