IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEWRON PHARMACEUTICALS S.p.A., ZAMBON S.p.A., MDD US OPERATIONS, LLC,<br><br>                    Plaintiffs,<br><br>     v.<br><br>AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA USA INC., MSN LABORATORIES PRIVATE LIMITED, PRINSTON PHARMACEUTICAL, INC., RK PHARMA INC., ZENARA PHARMA PRIVATE LIMITED,<br><br>                    Defendants. | C.A. No. 1:21-cv-00843-GBW |

## AMENDED JOINT CLAIM CONSTRUCTION CHART

Pursuant to the Court's September 22, 2022 Oral Order (D.I. 164), Plaintiffs Newron Pharmaceuticals S.p.A., Zambon S.p.A., and MDD US Operations, LLC (collectively "Plaintiffs") and Defendants Aurobindo Pharma Limited, Aurobindo Pharma USA Inc., MSN Laboratories Private Limited, RK Pharma Inc., Prinston Pharmaceutical, Inc., and Zenara Pharma Private Limited (collectively, "Defendants") hereby submit this Amended Joint Claim Construction Chart identifying for the Court the claim terms of U.S. Patent No. 8,076,515 ("the '515 patent"), U.S. Patent No. 8,278,485 ("the '485 patent"), and U.S. Patent No. 8,283,380 ("the '380 patent") for which the parties continue have a dispute, together with the parties' proposed constructions of the disputed claim language and citations to the supporting intrinsic evidence.

The parties reserve the right to rely upon extrinsic evidence and expert testimony in support of their constructions. This litigation is in its early stages, and discovery is ongoing. Accordingly, in the event one or more of the parties later identifies terms that it believes require

1

claim construction, each party reserves the right to seek construction of such term and to supplement the intrinsic and extrinsic records.

I. **Agreed Claim Constructions**

| Term | Agreed Construction |
|---|---|
| "an effective amount" <br><br> ('515 patent, claim 40) | "an amount sufficient to treat the selected CNS disorder" |
| "classified as" <br><br> ('515 patent, claim 44) | Plain and ordinary meaning.[1] |
| "are known to interact with" <br><br> ('515 patent, claim 44) | Plain and ordinary meaning. |
| "are known to have HERG channel blocking properties" <br><br> ('515 patent, claim 44) | Plain and ordinary meaning. |

---

[1] Defendants reserve the right to argue indefiniteness in the context of the infringement analysis for the claim 44 terms: "classified as"; "are known to interact with"; and "are known to have HERG channel blocking properties." Plaintiffs agreed to this compromise to narrow the issues for the Court to consider as a matter of claim construction.

II. **Disputed Claim Constructions**

| Term | Plaintiffs' Proposed Construction | Plaintiffs' Intrinsic Evidence | Defendants' Proposed Construction | Defendants' Intrinsic Evidence |
|---|---|---|---|---|
| "stable dose of levodopa"<br><br>('380 patent, claims 1-2) | "a dose of levodopa that is neither increased nor decreased" | '380 patent at Abstract, 1:14-54, 2:52-3:9, 3:36-46, 4:18-27, 5:53-67, 9:1-15, 9:54-60, 10:7-20, 11:9-65, 12:26-38, 13:1-55, 14:27-58, 15:26-27, 20:24-26:17.<br><br>'380 File History: Non-Final Rejection 12/24/2008 (SAFNWRN0001462-1477); Amendment and Request for Reconsideration 06/24/2009 (SAFNWRN0001516-1530); First Olanow Declaration 06/24/2009 (SAFNWRN0001536-1556); Final Rejection 09/17/2009 (SAFNWRN0002818-2826); Request for Continued Examination 11/13/2009 (SAFNWRN0002901-2909); Second Olanow declaration 11/13/2009 (SAFNWRN0002910-2921); Non-Final Rejection 03/16/2010 (SAFNWRN0003434-3443); Amendment and Response | Not amenable to construction; indefinite | The entire intrinsic evidence is relevant to Defendants' proposal of this term being "not amenable to construction/indefinite." The intrinsic evidence, viewed as a whole, would not enable one to ascertain the metes and bounds of the claims that recite or incorporate these terms, due to insoluble ambiguity of these terms, among others.<br><br>**'380 patent:**<br><br>Claims;<br><br>Specification:<br><br>Defendants identify the following portions as potentially relevant to the understanding of the identified terms, but adding |

| | | | |
|---|---|---|---|
| | 6/15/2010 (SAFNWRN0003459-3502); Final Rejection 10/8/2010 (SAFNWRN0003415-3523); Summary of Interview 12/15/2010 (SAFNWRN0003528-3550); RCE and Amendment 2/7/2011 (SAFNWRN0003555-3566); Third Olanow Declaration 2/7/2011 (SAFNWRN0003567-3784); Supplemental Amendment 7/2/2012 (SAFNWRN0003996-4000); Notice of Allowance 07/16/2012 (SAFNWRN0004010-4017).<br><br>Portions of the intrinsic record identified by Defendants. | | insoluble ambiguity to the meaning of the terms.<br><br>Regarding the "stable dose of levodopa" part of the terms, no part of the specification defines or otherwise clarifies the meaning and scope of "stable dose of levodopa."<br><br>FH:<br><br>Provisional Application No. 60/462,205, filed on Apr. 11, 2003;<br><br>2010-06-15 Amendment and Applicant Arguments/Remarks, including Exhibits thereto;<br><br>2010-12-15 Applicant Summary of Interview with Examiner;<br><br>2011-02-04 Third Declaration of C. Warren Olanow Under 37 C.F.R. § 1.132 including all Exhibits |

| | | | | |
|---|---|---|---|---|
| | | | | thereto (filed with the RCE on 2011-02-07); 2011-02-07 Request for Continued Examination (RCE), with all accompanying filings; 2012-07-02 Amendment and Applicant Arguments/Remarks, including all references discussed therein; 2012-07-16 Notice of Allowance. |
| "maintaining" ('380 patent, claim 1) | Plain and ordinary meaning, which is "keeping" | '380 patent at Abstract, 1:14-54, 2:52-3:9, 3:36-46, 4:18-27, 5:53-67, 9:1-15, 9:54-60, 10:7-20, 10:47-50, 11:9-65, 12:26-38, 13:1-55, 14:27-58, 15:26-27, 17:35-40, 18:18-25, 20:25-26:17. U.S. Patent No. 4,970,200 at Table 2. '380 File History: Non-Final Rejection 12/24/2008 (SAFNWRN0001462-1477); | Not amenable to construction; indefinite | The entire intrinsic evidence is relevant to Defendants' proposal of this term being "not amenable to construction/indefinite." The intrinsic evidence, viewed as a whole, would not enable one to ascertain the metes and bounds of the claims that recite or incorporate this term, due to insoluble ambiguity of this term, |

| | | | |
|---|---|---|---|
| | Amendment and Request for Reconsideration 06/24/2009 (SAFNWRN0001516-1530); First Olanow Declaration 06/24/2009 (SAFNWRN0001536-1556); Final Rejection 09/17/2009 (SAFNWRN0002818-2826); Request for Continued Examination 11/13/2009 (SAFNWRN0002901-2909); Second Olanow declaration 11/13/2009 (SAFNWRN0002910-2921); Non-Final Rejection 03/16/2010 (SAFNWRN0003434-3443); Amendment and Response 6/15/2010 (SAFNWRN0003459-3502); Final Rejection 10/8/2010 (SAFNWRN0003415-3523); Summary of Interview 12/15/2010 (SAFNWRN0003528-3550); RCE and Amendment 2/7/2011 (SAFNWRN0003555-3566); Third Olanow Declaration 2/7/2011 (SAFNWRN0003567-3784); Supplemental Amendment 7/2/2012 | | among others.<br><br>**'380 patent:**<br><br>Claims;<br><br>Specification:<br><br>No part of the specification defines or otherwise clarifies the meaning and scope of "maintaining."<br><br>FH:<br><br>Provisional Application No. 60/462,205, filed on Apr. 11, 2003;<br><br>2010-06-15 Amendment and Applicant Arguments/Remarks, including Exhibits thereto;<br><br>2010-12-15 Applicant Summary of Interview with Examiner;<br><br>2011-02-04 Third |

| | | | | |
|---|---|---|---|---|
| | | (SAFNWRN0003996-4000); Notice of Allowance 07/16/2012 (SAFNWRN0004010-4017).<br><br>Portions of the intrinsic record identified by Defendants. | | Declaration of C. Warren Olanow Under 37 C.F.R. § 1.132 including all Exhibits thereto (filed with the RCE on 2011-02-07);<br><br>2011-02-07 Request for Continued Examination (RCE), with all accompanying filings;<br><br>2012-07-02 Amendment and Applicant Arguments/Remarks, including all references discussed therein;<br><br>2012-07-16 Notice of Allowance. |
| "a therapeutically effective stable dose of levodopa"<br><br>('380 patent, claim 2) | "a dose of levodopa sufficient to treat idiopathic Parkinson's disease that is neither increased nor decreased" | '380 patent at Abstract, 1:14-54, 2:52-3:9, 3:36-46, 4:18-27, 5:5-67, 9:1-15, 9:54-60, 10:7-20, 11:9-65, 12:26-38, 13:1-55, 13:61-14:5, 14:27-58, 15:26-27, 20:24-26:17.<br><br>'380 File History: Non-Final Rejection 12/24/2008 (SAFNWRN0001462-1477); | Not amenable to construction; indefinite | The entire intrinsic evidence is relevant to Defendants' proposal of this term being "not amenable to construction/indefinite." The intrinsic evidence, viewed as a whole, would not enable one to ascertain the metes and bounds of the claims that |

| | | | |
|---|---|---|---|
| | Amendment and Request for Reconsideration 06/24/2009 (SAFNWRN0001516-1530); First Olanow Declaration 06/24/2009 (SAFNWRN0001536-1556); Final Rejection 09/17/2009 (SAFNWRN0002818-2826); Request for Continued Examination 11/13/2009 (SAFNWRN0002901-2909); Second Olanow declaration 11/13/2009 (SAFNWRN0002910-2921); Non-Final Rejection 03/16/2010 (SAFNWRN0003434-3443); Amendment and Response 6/15/2010 (SAFNWRN0003459-3502); Final Rejection 10/8/2010 (SAFNWRN0003415-3523); Summary of Interview 12/15/2010 (SAFNWRN0003528-3550); RCE and Amendment 2/7/2011 (SAFNWRN0003555-3566); Third Olanow Declaration 2/7/2011 (SAFNWRN0003567-3784); Supplemental Amendment 7/2/2012 | | recite or incorporate these terms, due to insoluble ambiguity of these terms, among others.<br><br>**'380 patent:**<br><br>Claims;<br><br><u>Specification:</u><br><br>Defendants identify the following portions as potentially relevant to the understanding of the identified terms, but adding insoluble ambiguity to the meaning of the terms.<br><br>Regarding the "therapeutically effective" part of the term in claim 2, the entire specification, except for 6:52-8:40 (description of "safinamide derivatives") and 15:28-19:11 (preparation of pharmaceutical or pharmacological |

| | | | | |
|---|---|---|---|---|
| | | (SAFNWRN0003996-4000); Notice of Allowance 07/16/2012 (SAFNWRN0004010-4017).<br><br>Portions of the intrinsic record identified by Defendants. | | compositions), is highly relevant to understand the indefiniteness of this term.<br><br>FH:<br><br>Provisional Application No. 60/462,205, filed on Apr. 11, 2003;<br><br>2010-06-15 Amendment and Applicant Arguments/Remarks, including Exhibits thereto;<br><br>2010-12-15 Applicant Summary of Interview with Examiner;<br><br>2011-02-04 Third Declaration of C. Warren Olanow Under 37 C.F.R. § 1.132 including all Exhibits thereto (filed with the RCE on 2011-02-07);<br><br>2011-02-07 Request for Continued Examination |

| | | | | |
|---|---|---|---|---|
| | | | | (RCE), with all accompanying filings;<br><br>2012-07-02 Amendment and Applicant Arguments/Remarks, including all references discussed therein;<br><br>2012-07-16 Notice of Allowance. |
| "high purity safinamide or ralfinamide or a pharmaceutically acceptable acid salt thereof"/"high purity safinamide or ralfinamide salt with a pharmaceutically acceptable acid"/"high purity safinamide or a pharmaceutically acceptable acid salt thereof"<br><br>('515 patent, claims 32-35, 40-44; '485 patent, claim 37) | "safinamide or ralfinamide or a pharmaceutically acceptable acid salt thereof that has lower than 0.03% (by weight) of impurity IIa or impurity IIb or their pharmaceutically acceptable acid salts" | '515 patent at Abstract, 1:18-23, 1:60-2:27, 2:45-51, 4:6-5:23, 6:32-8:38, 8:50-9:16, 10:48-10:58, 14:57-67, 16:42-24:67, 30:21-27; 31:1-33:7, 35:33-38:53, 42:28-48:59.<br><br>'485 patent at 44:29-52:60.<br><br>Portions of the '485 patent corresponding to those of the '515 patent specification cited above.<br><br>Portions of the intrinsic record identified by Defendants. | Not amenable to construction; indefinite | The entire intrinsic evidence is relevant to Defendants' proposal of this term being "not amenable to construction/indefinite." The intrinsic evidence, viewed as a whole, would not enable one to ascertain the metes and bounds of the claims that recite or incorporate this term, due to insoluble ambiguity of this term, among others.<br><br>**'515 patent:** |

| | | | | |
|---|---|---|---|---|
| | | | | Claims; Specification: Defendants identify the following portions as potentially relevant to the understanding of the identified terms, but adding insoluble ambiguity to the meaning of the terms. 1:17-25; 2:47-51; 4:30-39; 5:16-6:67; 7:4-22; 7:48-65; 8:3-7; 9:4-11; 10:27-58; 14:47-53; 16:25-35; cols. 16-42 (all Examples) **'485 patent:** Claims; Portions of the '485 patent specification that corresponds with those of the '515 patent specification cited above. |

Dated:  October 5, 2022

| | |
|---|---|
| FISH & RICHARDSON P.C. | KRATZ & BARRY LLP |
| By: */s/ Gregory R. Booker*<br>Gregory R. Booker (#4784)<br>Nitika Gupta Fiorella (#5898)<br>FISH & RICHARDSON P.C.<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE 19801<br>(302) 652-5070<br>booker@fr.com; fiorella@fr.com<br><br>Elizabeth M. Flanagan (#5891)<br>Sarah E. Jack<br>FISH & RICHARDSON P.C.<br>60 South 6th Street, Suite 3200<br>Minneapolis, MN 55402<br>(612) 335-5070<br>betsy.flanagan@fr.com; jack@fr.com<br><br>Joshua A. Rosefelt<br>FISH & RICHARDSON P.C.<br>1000 Main Ave., S.W.<br>Washington, DC 20024<br>(202) 783-5070<br>rosefelt@fr.com<br><br>*Attorneys for Plaintiffs*<br>*Newron Pharmaceuticals S.p.A., Zambon S.p.A., and MDD US Operations, LLC* | By: */s/ R Touhey Myer*<br>R Touhey Myer  (#5939)<br>800 N. West Street<br>Wilmington, DE 19801<br>tmyer@kratzandbarry.com<br><br>Timothy H. Kratz<br>KRATZ & BARRY LLP<br>1050 Crown Pointe Parkway, Suite 500<br>Atlanta, GA 30338<br>tkratz@kratzandbarry.com<br><br>Michael P. Hogan<br>KRATZ & BARRY LLP<br>325 Chestnut St., Suite 883, #259<br>Philadelphia, PA 19106<br>mhogan@kratzandbarry.com<br><br>*Attorneys for Defendants*<br>*Aurobindo Pharma Limited, Aurobindo Pharma USA Inc.* |
| FISHERBROYLES, LLP | MORRIS JAMES LLP |
| By: */s/ Carl D. Neff*<br>Carl D. Neff (#4895)<br>FISHERBROYLES, LLP<br>CSC Station<br>112 S. French Street<br>Wilmington, DE 19801<br>(302) 482-4244<br>Carl.neff@fisherbroyles.com<br><br>Gurpreet Singh Walia, M.D., Esq.<br>Gongjun ("Gary") Ji<br>FISHERBROYLES, LLP<br>445 Park Avenue, Ninth Floor<br>New York, NY 10022 | By: */s/ Kenneth L. Dorsney*<br>Kenneth L. Dorsney (#3726)<br>Cortlan S. Hitch (#6720)<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>(302) 888-6800<br>kdorsney@morrisjames.com;<br>chitch@morrisjames.com<br><br>Timothy H. Kratz<br>George J. Barry III<br>KRATZ & BARRY LLP<br>1050 Crown Pointe Pkwy, Ste 500<br>Atlanta, GA 30338 |

Gurpreet.Walia@fisherbroyles.com;
Gary.ji@fisherbroyles.com

*Attorneys for Defendant*
*MSN Laboratories Private Limited*


STAMOULIS & WEINBLATT LLC

By: */s/ Richard C. Weinblatt*
    Stamatios Stamoulis (#4606)
    Richard C. Weinblatt (#5080)
    STAMOULIS & WEINBLATT LLC
    800 N. West Street, Third Floor
    Wilmington, DE 19801
    (302) 999-1540
    stamoulis@swdelaw.com
    weinblatt@swdelaw.com

    Shashank Upadhye
    Brent Batzer
    Yixin Tang
    UPADHYE TANG LLP
    109 Symonds Drive, #174
    Hinsdale, IL 60522-0174
    shashank@ipfdalaw.com;
    brent@ipfdalaw.com;
    yixin@ipfdalaw.com

*Attorneys for Defendant*
*Prinston Pharmaceutical, Inc.*

(404) 341-6600
tkratz@kratzandbarry.com;
gbarry@kratzandbarry.com

*Attorneys for Defendant*
*RK Pharma Inc.*

GREENBERG TRAURIG, LLP

By: */s/ Benjamin J. Schladweiler*
    Benjamin J. Schladweiler (#4601)
    GREENBERG TRAURIG, LLP
    The Nemours Building
    1007 North Orange Street, Suite 1200
    Wilmington, DE 19801
    (302) 661-7000
    schladweilerb@gtlaw.com

    Dmitry V. Shelhoff, Ph.D.
    Edward D. Pergament
    Kenneth S. Canfield
    Julia S. Kim
    PERGAMENT & CEPEDA LLP
    25A Hanover Road, Suite 104
    Florham Park, NJ 07932
    (973) 998-7722
    dshelhoff@pergamentcepeda.com
    epergament@pergamentcepeda.com
    kcanfield@pergamentcepeda.com
    jkim@pergamentcepeda.com

*Attorneys for Defendant*
*Zenara Pharma Private Limited*